532 A.2d 1177

**COMMONWEALTH of Pennsylvania**

v.

**Bryan BAXTER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 20, 1987.

Filed Oct. 19, 1987.

Joseph Alessandroni, Jr., Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com.

Before BECK, JOHNSON and CERCONE, JJ.

BECK, Judge:

This is an appeal by Bryan Baxter from a judgment of sentence of six to twelve years imprisonment. We conclude that the judgment of sentence must be affirmed.

On September 14, 1984, Bryan Baxter and his companion Walter Huot forced Michael M., a fifteen year old boy, to engage in oral and anal intercourse. This incident occurred at the Philadelphia Youth Study Center where Baxter, Huot, and Michael M. had been detained in connection with unrelated criminal conduct. A few days after the assault, Gregory Allen, a counselor employed by the Youth Study Center, questioned Baxter without first informing him of his right to remain silent. Baxter then made an inculpatory statement.

Baxter and Huot were both charged in connection with the sexual abuse of Michael M. and held for trial. Defense counsel filed a motion to suppress Baxter's statement to Allen. On May 6, 1985, the suppression court determined that Baxter's statement was voluntary, but the court granted the suppression motion on the grounds that Allen erred

by failing to advise Baxter of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This ruling is not before us on appeal.

During the following three days, Baxter and Huot were jointly tried by a jury in the Philadelphia Court of Common Pleas. Although Huot did not testify, Baxter took the stand and denied that he had seen either Huot or Michael M. on the night of the assault. In rebuttal, the prosecutor called Gregory Allen who testified that "He [Baxter] said he was involved [in the assault] and the other defendant [Huot] was possibly involved too." N.T. May 8, 1985 at 129. At the close of the trial, the jury convicted both Baxter and Huot of involuntary deviant sexual intercourse and criminal conspiracy.

Following the denial of post trial motions and the imposition of sentence, counsel for Baxter filed this timely appeal. Counsel raises three allegations of error which we find are without merit.

■ First, counsel argues that the trial court erred by permitting Commonwealth witness Allen to impeach Baxter's testimony by referring to the suppressed statement. It is true that in *Commonwealth v. Triplett*, 462 Pa. 244, 341 A.2d 62 (1975), the Court held that under article 1 section 9 of the Pennsylvania Constitution a statement obtained in violation of *Miranda* could not be admitted at trial even for the limited purpose of impeaching the defendant. However, on November 6, 1984, during the period between when appellant confessed to the crime and the time of his trial, an amendment to article 1 section 9 was adopted which provides: "The use of a suppressed voluntary admission or voluntary confession to impeach the credibility of a person may be permitted and shall not be construed as compelling a person to give evidence against himself." This amendment limited the application of the *Triplett* decision. The use of a voluntary confession for impeachment is not a violation of either the Pennsylvania Constitution as currently revised or of the fifth amendment of the United States Constitution. *See Harris v. New York*, 401 U.S. 222, 91

S.Ct. 643, 28 L.Ed.2d 1 (1971). The trial court acted properly and in accordance with the state and federal constitutions by allowing Allen's testimony.

■ Counsel maintains that the state constitutional amendment applies only to statements which an accused has made following the date of its adoption. We disagree. There is no principled basis for distinguishing between a confession which was improperly obtained by the Commonwealth before November 6, 1984, and a confession which was improperly obtained by the Commonwealth after November 6, 1984. The text of the amendment does not refer to the time at which the confession was originally given; the amendment instead focuses on the *use* of the confession at trial. The use of Baxter's confession to rebut his trial testimony occurred in May, 1985, over six months after the amendment went into effect.

We note that this case does not present the more difficult question of whether article 1 section 9 as amended should be applied retroactively to confessions which were *introduced at trial* prior to November 6, 1984. We need not decide if a conviction which was originally procured in violation of the defendant's trial rights under *Triplett* should be upheld on appeal in light of the subsequent change in the state constitution.

■ Counsel next argues that the prosecution violated the confrontation clause by failing to instruct the Commonwealth witness to delete all references to co-defendant Huot from Baxter's inculpatory statement. Counsel relies on *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which held that a confession by a non-testifying codefendant which directly implicates the defendant may not be admitted into evidence at a joint trial. Baxter's confrontation rights were not violated because no statement by Huot was admitted at trial. Moreover, we need not consider whether Huot's confrontation rights were violated since Baxter lacks standing to raise this issue. *See Commonwealth v. Johnson,* 474 Pa. 410, 378 A.2d 859 (1977).

Finally, counsel argues that the trial judge should have declared a mistrial when during cross-examination the prosecutor elicited from Baxter the fact that Baxter had been imprisoned at another facility prior to his arrival at the Youth Study Center. We conclude that the prosecutor's error was harmless for the reasons specified in the opinion of the lower court. Trial Court Op. at 4–6.

Judgment affirmed.