**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Timothy W. SMITH, a/k/a, Timothy**
**William Smith, Appellant.**
**(Two Cases).**

Superior Court of Pennsylvania.

Argued Dec. 9, 1997.

Filed April 15, 1998.

James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for Com.

James R. Wilson and Kristin McCormish, Pittsburgh, for Smith.

Before DEL SOLE and FORD ELLIOTT, JJ., and CERCONE, President Judge Emeritus.

DEL SOLE, Judge:

Timothy Smith (Defendant) was convicted of two counts of third degree murder, one count of aggravated assault, three counts of recklessly endangering another person and one firearms violation, all arising from the same incident. He was sentenced to an aggregate term of 25 to 50 fifty years imprisonment. We affirm.

Both the Commonwealth and Defendant have appealed. The Commonwealth contends that the court should have sentenced Defendant to the mandatory life sentence set forth in 42 Pa.C.S.A. § 9715. Defendant raises four issues: (1) the court should have suppressed statements Defendant made to police; (2) the aggravated assault verdict is against the weight of the evidence; (3) the

court erred in admitting statements Defendant made to a probation officer during a presentence interview; and (4) the court abused its discretion in sentencing.

The charges arose after Defendant, who was selling $10 bags of marijuana on a street corner, became involved in a dispute with Richard Snell, Carlton Jones, Ondaryle Smith, DeRob Saunders, Josie Lyons, David Beard and Candace Bradley. Defendant pulled a .380 caliber revolver and shot five of the seven rounds, killing Carlton Jones and Richard Snell and injuring Ondaryle Smith. An unidentified person fired a .9 millimeter weapon and struck Defendant in the shoulder. Defendant initially pleaded guilty but the plea was withdrawn and Defendant went to trial before a jury.

In its appeal, the Commonwealth contends the trial court erred in not applying the mandatory life imprisonment term pursuant to 42 Pa.C.S.A. § 9715. This statute provides for a mandatory term of life imprisonment for "any person convicted of murder of the third degree in this Commonwealth **who has previously been convicted at any time** of murder or voluntary manslaughter..." (emphasis added). The Commonwealth argues that, once the court sentenced Defendant on the first count of third degree murder, Defendant was then "previously convicted," albeit by only seconds, and thus the mandatory sentence would apply. We disagree.

■ When interpreting a statute, we are guided by several principles. Penal provisions must be strictly construed. 1 Pa.C.S.A. § 1928; *Commonwealth v. Henderson,* 444 Pa.Super. 170, 663 A.2d 728 (1995). Also, we construe words of a statute according to their plain and common meaning. 1 Pa.C.S.A. § 1903; *Grom v. Burgoon,* 448 Pa.Super. 616, 672 A.2d 823 (1996). The meaning of the word "previously" is "existing or occurring prior to something else." *The American Heritage Dictionary* 544 (office edition 1983), "existing before in time," "earlier,"

*Webster's Third New International Dictionary* 1798 (unabridged 1981).

■ Defendant was found guilty at the same time and by the same jury of two counts of third degree murder arising out of the same incident. We believe it strains the plain meaning of the statute to interpret "previously convicted" to encompass this situation. We note that when the legislature intended such a result, it said so in plain language, as in the death penalty statute. See 42 Pa.C.S.A. § 9711(d)(10), (11), (12) ("the defendant has been convicted of another [offense] committed either before or **at the time of** the offense at issue.") We find no error in the court's refusal to apply the mandatory sentence in this case.[1]

Defendant first contends that the trial court erred in denying his suppression motion. He sought to suppress statements given to a detective while Defendant was in the hospital being treated for a gunshot wound to the shoulder. He contends that the wound impaired his judgment or his ability to make a free and voluntary statement.

■ When reviewing the denial of a suppression motion, this court considers only the evidence of the Commonwealth's witnesses and any evidence for the defense, as fairly read in the context of the record as a whole, that remains uncontradicted. *Commonwealth v. Hubble,* 509 Pa. 497, 504 A.2d 168 (1986). The detective testified that he went to the hospital and asked if he could speak to Defendant whom he believed at the time was a victim. The emergency room doctors allowed him into the treatment room and he took Defendant's statements. He testified that Defendant appeared to understand what was going on and he did not appear to be either intoxicated or under the influence of any drugs which would interfere with his judgment. Defendant did not present any evidence to the contrary. We cannot conclude that the injury itself was such as would impair his judgment or interfere with his ability to make statements freely and voluntarily.

1. We find *Commonwealth v. Gonzales,* 415 Pa.Super. 564, 609 A.2d 1368 (1992) inapposite. The issue there was whether Gonzales could be sentenced to the mandatory sentence when the commission of the second murder preceded the conviction for the first murder. The two murders were, unlike the present case, two separate incidents.

Defendant next contends that the guilty verdict of aggravated assault is against the weight of the evidence because the jury was required to speculate whether Ondaryle Smith was struck by Defendant's weapon or by the weapon fired by the unidentified shooter.

 Because a motion for a new trial on this basis is addressed to the discretion of the trial court, appellate review is a review of the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. *Commonwealth v. Brown*, 538 Pa. 410, 648 A.2d 1177 (1994). Only if the evidence is so unreliable or contradictory as to make any verdict based thereon pure conjecture is appellant entitled to a new trial on this basis. *Commonwealth v. Maute*, 336 Pa.Super. 394, 485 A.2d 1138 (1984). Defendant relies heavily on the fact that there was no ballistic evidence showing that Ondaryle Smith was struck by a bullet from Defendant's gun. The lack of ballistic evidence is not fatal, however, because there was other testimony from which the jury could conclude that Ondaryle Smith was in fact shot by Defendant.

Ondaryle Smith testified that he and several other people started walking up a hill behind Defendant. At one point, Defendant stopped and faced down the hill, arguing with a woman. Defendant then drew his gun and started shooting into the crowd. Ondaryle Smith was the first person hit. N.T. at 226–229. Josie Lyons testified that Defendant started firing first, N.T. at 269, and she didn't hear the second round of shots, from the unidentified shooter, until after Ondaryle Smith and Richard Snell had been shot. N.T. at 273, 277, 292. This evidence amply supports the inference that Defendant shot Ondaryle Smith and the jury was not required to speculate to reach this conclusion.

Defendant next contends that the court erred in allowing the Commonwealth to impeach him with statements he made to a presentence investigator before he withdrew his guilty plea.[2] Defendant claims these statements "should not have been admitted for any purpose due to the confidential nature of the pre-sentence investigation and report as well as the fact that Defendant was required to participate in the interview." Brief for Appellee–Cross–Appellant at 26.

 Initially, we note that, contrary to Defendant's claim, a defendant is not required to make any statements regarding the incident during the presentence investigation. Moreover, a defendant has the right to tell the sentencing court anything at the sentencing hearing so it is not vital that a defendant give any statement to the presentence investigator. Thus, Defendant's reliance on *Commonwealth v. Jones*, 375 Pa.Super. 194, 544 A.2d 54 (1988), is inapposite. In *Jones*, the Commonwealth impeached the defendant with statements made during a prior guilty plea colloquy. We held this to be a violation of the defendant's Fifth Amendment right not to incriminate himself. The statements in question were required by the plea colloquy and Jones was therefore compelled to incriminate himself. Any statements a defendant makes to a presentence investigator are not compelled and therefore any use of them does not violate the Fifth Amendment.

Defendant also contends that Pa.R.Crim.P. 1404, which governs disclosure of presentence reports, precludes the use of statements made during a presentence investigation.[3] Defendant claims that by removing this confidentiality, defendants will be reluctant to participate in the presentence investigation in an honest manner. Thus, we are faced with two competing policies: the defendant's right to participate in the presentence process and the expectation that witnesses will tell the truth under oath in court.

 In *Commonwealth v. Daniels*, 537 Pa. 464, 644 A.2d 1175 (1994), our supreme court was faced with a similar situation. There, the Commonwealth had used information from the defendant's bail interview to impeach him. This information is

---

2. Because trial counsel did not object to the use of these statements on cross-examination, Defendant raises this issue in the context of trial counsel's ineffectiveness.

3. Under the rule, the prosecutor is entitled to inspect and/or copy the report.

also subject to a confidentiality rule set forth in Pa.R.Crim.P. 4008(b). The court noted that technical violations of rules of criminal procedure do not automatically warrant suppression of the evidence. Rather, only violations which assume constitutional dimensions and/or substantially prejudice the accused may require the exclusion of evidence. Moreover, as the *Daniels* court noted, even if suppression were warranted, the information would only be excluded from the Commonwealth's case in chief. Even voluntary statements suppressed because of constitutional violations, such as a lack of *Miranda* warnings, are admissible for purposes of impeachment. Pa. Const. art. I, § 9; *Commonwealth v. Baxter*, 367 Pa.Super. 342, 532 A.2d 1177 (1987). We conclude therefore that the fact that this testimony may have been in violation of the Rules of Criminal Procedure does not preclude its admission for impeachment purposes.[4]

 Finally, Defendant claims the sentencing court erred when imposing sentence. An appeal from the discretionary aspects of sentence is not an appeal of right. Therefore, we must first decide whether to accept Appellant's appeal. 42 Pa.C.S.A. § 9781. Appellant's brief contains the requisite statement of reasons relied upon in support of appeal as required by Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Therefore, we must determine if Appellant has raised a substantial question of whether the sentence imposed is appropriate under the Sentencing Code. *Commonwealth v. Felix*, 372 Pa.Super. 145, 539 A.2d 371 (1988).

Defendant contends that the sentencing court relied on his prior juvenile adjudication as justification for imposing a sentence within the aggravated range of the guidelines. Since Defendant's prior adjudication was already taken into account in his prior record score, this claim raises a substantial question that the sentence is not appropriate under the sentencing code. *Commonwealth v. Dotter*, 403 Pa.Super. 507, 589 A.2d 726 (1991).

On review of the record, however, we find no merit to this claim. Rather than relying solely on Defendant's prior adjudication, the sentencing court noted the adjudication, that it was for carrying a firearm without a license, that the present crimes also involved a firearm, that Defendant was committed to and absconded from two different juvenile facilities and that Defendant was AWOL from the second facility at the time this crime was committed. These reasons are sufficient to support the sentence imposed.

Judgment of sentence affirmed.

---

4. It is important to note that the issue here is only whether the statements were admissible to impeach Defendant and that is the extent of our holding.