**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PHILLIP D. COLTON, | |
| Appellant | No. 53 MDA 2015 |

Appeal from the Judgment of Sentence Entered September 23, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000454-2013

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PHILLIP D. COLTON, | |
| Appellant | No. 54 MDA 2015 |

Appeal from the Judgment of Sentence Entered September 23, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000531-2014

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 05, 2016**

Appellant, Phillip D. Colton, appeals from the September 23, 2014

judgment of sentence of an aggregate term of 30 to 60 years' incarceration,

---

[*] Retired Senior Judge assigned to the Superior Court.

imposed after he was convicted of various sexual offenses, including rape of a child, rape of a mentally disabled person, aggravated indecent assault of a mentally disabled child, and aggravated indecent assault of a person less than 13 years of age.[1]  Appellant challenges multiple evidentiary rulings by the trial court, as well as the legality of several mandatory minimum sentences imposed pursuant to 42 Pa.C.S. § 9718.  After careful review, we affirm Appellant's convictions, but vacate his judgment of sentence and remand for resentencing.

Appellant was arrested in March of 2013 and charged with numerous counts of various sexual offenses committed against a minor female victim, the mentally disabled granddaughter of Appellant's paramour.  The victim alleged that Appellant abused her from the time she was 10 years old until she was 13 years old, with Appellant being 52 to 55 years old during those years.  Appellant's abuse included rubbing the victim's vagina with his hands and penis, performing oral sex on her and requiring her to perform oral sex on him, taking pictures of the victim's naked body, and making the victim watch pornography.

In July of 2013, Appellant accepted a plea agreement from the Commonwealth, by which he would plead guilty to aggravated indecent

---

[1] Appellant's convictions were imposed at two separate trial court docket numbers, and he filed notices of appeal in each.  This Court *sua sponte* consolidated Appellant's appeals by *per curiam* order filed on January 28, 2015.

assault in exchange for the Commonwealth's recommending a sentence of 5 to 10 years' incarceration and asking the court to *nol pros* the other charges pending against Appellant. On August 5, 2013, Appellant entered his guilty plea before the trial court, after which the court ordered a presentence investigation report (PSI) to be prepared. After receiving that report, however, the trial court informed the parties that it would reject the agreed upon sentence. Accordingly, Appellant moved to withdraw his guilty plea, which the court granted.

Appellant's case ultimately proceeded to a jury trial on July 1, 2014. At the close thereof, the jury convicted Appellant of multiple counts of rape of a mentally disabled person (18 Pa.C.S. § 3121(a)(5)), rape of a child (8 Pa.C.S. § 3121(c)), statutory sexual assault (18 Pa.C.S. § 3122.1(b)), involuntary deviate sexual intercourse (IDSI) with a mentally disabled person (18 Pa.C.S. § 3123(a)(5)), IDSI with a person less than 16 years of age (18 Pa.C.S. § 3123(a)(7)), IDSI with a child (18 Pa.C.S. § 3123(b)), aggravated indecent assault (AIA) of a child (18 Pa.C.S. § 3125(b)), AIA of a mentally disabled person (18 Pa.C.S. § 3125(a)(6)), AIA of a person less than 13 years old (18 Pa.C.S. § 3125(a)(7)), sexual abuse of children (18 Pa.C.S. § 6312(b)), disseminating sexually explicit materials to a minor (18 Pa.C.S. § 5903(c)(1)), indecent assault of a person less than 13 years old (18 Pa.C.S. § 3126(a)(7)), and indecent assault of a mentally disabled person (18 Pa.C.S. § 3126(a)(6)).

On September 23, 2014, Appellant was sentenced to an aggregate term of 30 to 60 years' imprisonment, which included several mandatory minimum sentences under 42 Pa.C.S. § 9718 ("Sentences for offenses against infant persons"). Appellant filed a timely post-sentence motion, which was denied. He then filed a timely notice of appeal, and also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. Herein, Appellant raises four issues for our review:

> A. Did the trial court err in denying [Appellant's] motion *in limine* with respect to allowing testimony at his jury trial of his incriminating statements to Probation Officer Chad Miller during the pre-sentence investigation interview process, before the withdrawal of his guilty pleas?
>
> B. Did the trial court err in disallowing character testimony for the traits of peacefulness and non-violence, in allowing impermissible and argumentative cross-examination outside of the scope of direct examination of [Appellant's] character witnesses, and in striking character testimony from the record?
>
> C. Did the trial court err in granting the Commonwealth's motion *in limine* with respect to preventing the defense from presenting an illustration of reasonable doubt during closing summation?
>
> D. Did the sentencing court err in imposing mandatory minimum sentences pursuant to 42 Pa.C.S.A. §[]9718?

Appellant's Brief at 26-27 (unnecessary capitalization omitted).

Appellant's first three issues challenge evidentiary rulings by the trial court.

> "Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." **Commonwealth v. Drumheller,** 570 Pa. 117, 135, 808 A.2d 893, 904 (2002), *cert. denied,* 539 U.S. 919, 123 S.Ct. 2284, 156 L.Ed.2d 137 (2003) (quoting **Commonwealth v. Stallworth,** 566 Pa. 349, 363, 781

A.2d 110, 117 (2001)); ***Commonwealth v. Collins***, 70 A.3d 1245, 1251 (Pa. Super. 2013). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Harris***, 884 A.2d 920, 924 (Pa.Super.2005), *appeal denied,* 593 Pa. 726, 928 A.2d 1289 (2007).

***Commonwealth v. Tyson***, 119 A.3d 353, 357-58 (Pa. Super. 2015).

In Appellant's initial issue, he maintains that the trial court erred by denying his pretrial motion *in limine* seeking to preclude the Commonwealth from admitting statements he made to Centre County Probation Officer Chad Miller ("PO Miller") during the officer's compilation of a presentence investigation report (PSI) following Appellant's initial guilty plea. According to Appellant, PO Miller included the following summary of the statements Appellant made to him in the completed PSI:

> [Appellant] disagrees with the statements in the Affidavit of Probable Cause. He advised this officer this whole thing is blown out of proportion. [Appellant] claims he is not guilty in the way these offenses have been alleged against him. [Appellant] stated that if he tried to fight this he would spend the rest of his life in jail. He informed this officer he had contact with the victim but it was not for his gratification. [Appellant] reported the victim is mentally challenged and she came to him to learn. [Appellant] stated he worked with her [to] prove to her that she was not stupid. [Appellant] informed this officer the victim is a hands on child and she has to learn by doing. [Appellant] also stated the victim has an imagination. [Appellant] advised this officer he went out with the victim's grandmother, [M.F.], for twenty-five years. He also reported having twenty-one grandchildren who he could put on the stand to testify for him. [Appellant] stated to this officer he did not want to destroy the victim.

Appellant's Brief at 41.

- 5 -

Appellant asserted in his motion *in limine* that the statements he made to PO Miller were inadmissible under Pa.R.E. 410(a)(3) and Pa.R.Crim.P. 590, which together preclude the admission of statements made during the course of plea proceedings.[2]  The trial court ultimately denied Appellant's motion *in limine*, concluding that the relied upon rules only exclude "statements made during plea discussions[,] but would not exclude the statements at issue here, voluntary statements made to the probation officer during a PSI."  Trial Court Opinion (TCO), 3/31/15, at 2.

Despite the court's ruling permitting PO Miller's testimony, the Commonwealth did *not* call him to the stand during Appellant's trial, or introduce any evidence regarding Appellant's remarks to the officer. Consequently, the trial court now "maintains this issue is a moot point as the Commonwealth did not introduce these statements."  *Id.* at 3.  In response, Appellant contends that the issue is not moot because, based on the court's denial of his motion *in limine*, he "elected not to testify on his [own] behalf[,]" fearing that if he did so, the Commonwealth would be permitted "to cross-examine him with respect to these statements or to present his

---

[2] Rule 410(a)(3) states: "In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in plea discussions: … (3) a statement made in the course of proceedings under Rule[] … 590 of the Pennsylvania Rules of Criminal Procedure…."  Rule 590 sets forth mandates governing pleas and plea agreements.

prejudicial and inflammatory statements on rebuttal." Appellant's Brief at 42-43.

Appellant's argument is unconvincing. As Appellant correctly acknowledges, this Court "has found that a defendant's statements to a pre-sentence investigator could be used for impeachment purposes." *Id.* at 45 (citing *Commonwealth v. Smith*, 710 A.2d 1179 (Pa. Super. 1998), *overruled on other grounds by Commonwealth v. Morris*, 958 A.2d 569 (Pa. Super. 2008)). In other words, even if the court had *granted* Appellant's motion *in limine* and precluded the Commonwealth from admitting evidence of his statements to PO Miller in its case in chief, the Commonwealth would have been allowed to admit that evidence to impeach Appellant's testimony had he taken the stand. *See Smith*, ("[E]ven if suppression [of Smith's statements made during the presentence investigation] were warranted, the information would only be excluded from the Commonwealth's case in chief. Even voluntary statements suppressed because of constitutional violations, such as a lack of *Miranda* warnings, are admissible for purposes of impeachment."). Therefore, we reject Appellant's argument, and agree with the trial court that his challenge to the denial of his motion *in limine* is moot, given that the Commonwealth did not admit evidence of Appellant's statements to PO Miller.

Next, Appellant argues that the court erred by not permitting him to present character witnesses to testify pertaining to his reputation in the community for peacefulness and non-violence. Instead, the trial court only

permitted Appellant's four character witnesses to testify as to his "reputation for law-abidingness." Appellant's Brief at 56 (citation to the record omitted). In claiming the court's ruling was erroneous, Appellant relies on *Commonwealth v. Luther*, 463 A.2d 1073 (Pa. Super. 1983), where this Court stated that, "[i]n a rape case, evidence of the character of the defendant would be limited to presentation of testimony concerning his general reputation in the community with regard to such traits as non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order." *Luther*, 463 A.2d at 1078 (citations omitted).

Appellant improperly interprets *Luther* as holding that a court *must always* admit, in a rape case, character evidence pertaining to the defendant's reputation for non-violence or peacefulness. He cites no case law construing *Luther* in this manner, and we have found none. We acknowledge that rape has been defined as a "crime of violence" in the mandatory minimum sentencing statute of 42 Pa.C.S. § 9714(g). However, this fact alone does not compel us to adopt the interpretation of *Luther* put forth by Appellant. Notably, we stressed in *Luther* (and many subsequent cases) that, "[e]vidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character *involved in the commission of* the crime charged." *Id.* at 1077 (emphasis added). Here, nothing in the record suggests (and Appellant does not argue) that violence was involved in the

- 8 -

commission of the crimes for which he was tried. The lack of force or violence in the commission of Appellant's crimes stands in sharp contrast to the facts of **Luther**, where the victim alleged that Luther raped her while holding a knife to her throat and threatening to harm both her and her young son. *Id.* at 1075. Clearly, Luther's reputation for peacefulness or non-violence was *relevant* to the charge of rape pending against him and, thus, character evidence pertaining to his reputation for those traits was admissible. Appellant offers no argument regarding why the character traits of non-violence or peacefulness were relevant in his case. Accordingly, he has failed to demonstrate that the court abused its discretion by limiting his character evidence to Appellant's reputation for law-abidingness.

Appellant also argues, however, that the trial court erred by allowing the prosecutor to "engage[] in impermissible and argumentative cross-examination of [Appellant's] four character witnesses, and the [t]rial [c]ourt abused its discretion in sustaining prosecution objections and in striking testimony." Appellant's Brief at 56. Appellant goes on to essentially list objections made by the Commonwealth that the court should not have sustained, as well as questions by the prosecution that the court should not have allowed. *See id.* at 56-57. However, he offers no discussion of *why* these rulings were in error, nor does he cite any legal authority to support his claims. For instance, Appellant baldly claims:

> The [t]rial [c]ourt further erred in sustaining the prosecution's objection to the question posted to [Appellant's] granddaughter, Melinda Webster: "During the 21 years that you have known

> your grandfather, how frequently would you come into contact with him[?"] (N.T., 07/01/14, pp. 180-181). … The [t]rial [c]ourt erred in allowing the prosecution to question Justin G. Allen as to what he knew about the allegations against [Appellant]. (N.T., 07/01/14, pp. 200-214).

*Id.* at 57. Because Appellant does not explain why these rulings by the court were erroneous, or cite any law to support such a claim, he has waived these undeveloped arguments for our review. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (stating that this court may find issues waived where the appellant violates his "duty to present arguments that are sufficiently developed for our review" by not supporting his "claims with pertinent discussion, with references to the record and with citations to legal authorities").

Appellant also offers little explanation to bolster his claim that the trial court erred by striking the testimony of two of his character witnesses, instead simply stating:

> Larry Allen, who had known [Appellant] for twenty-three years, testified on direct examination that [Appellant] had a reputation in the community for being law-abiding and that he never heard any remark that reflected negatively upon his reputation for being a law-abiding citizen. The [t]rial [c]ourt erred in striking his testimony. … It was additional error for the [t]rial [c]ourt to strike the testimony of William Sterling Hollabaugh who specifically testified that during the twenty-three years that he had known [Appellant], he had never heard any remark which reflected negatively upon [Appellant's] reputation for being a law-abiding citizen. Mr. Hollabaugh also testified that [Appellant's] reputation in the community for law-abidingness was "excellent."

Appellant's Brief at 57-58 (citations to the record omitted). Appellant does not provide much elaboration on why it was improper for the court to strike

- 10 -

the testimony of these two character witnesses, nor does he cite any case law to support that claim. Consequently, we conclude that his undeveloped challenge to the court's decision to strike these witnesses' testimony is waived, as well. *See Hardy*, 918 A.2d at 771

Appellant's third issue challenges the trial court's granting of the Commonwealth's motion *in limine* to preclude defense counsel's "ability to attempt to illustrate the concept of reasonable doubt in closing summation." Appellant's Brief at 59. As the trial court explains:

> In their Motion *in Limine*, the Commonwealth sought to preclude defense counsel from using an illustration in her closing argument regarding reasonable doubt. The illustration involved using one's common sense and experience to make a decision regarding whether to ice skate on a pond after making observations such as the weather, the appearance of the ice, etc.

TCO at 5.

In arguing that the court erred by not allowing his counsel to use this illustration, Appellant relies on this Court's decision in *Commonwealth v. Jones*, 858 A.2d 1198 (Pa. Super. 2004), and our Supreme Court's decision in *Commonwealth v. Fisher*, 813 A.2d 761 (Pa. 2002). In *Jones*, this Court found no error in the trial court's jury instruction comparing reasonable doubt to an assessment of whether to cross a busy street at noon, versus making that same decision at midnight when no cars are traveling on the road. *Jones*, 858 A.2d 1201. We upheld the court's "straightforward" instruction, emphasizing that,

J-S05015-16

[e]very jury can relate to crossing a street. The judge's distinction between crossing the street at noon with a high volume of traffic versus crossing the same street at midnight when there would be little to no traffic was clear and understandable. Moreover, when the illustration is read with the remainder of the charge, we find that the charge, as a whole, is a clear and accurate statement of the law that does not afford appellant grounds for reversal of his judgment and sentence.

*Id.* at 1203. In *Fisher*, our Supreme Court rejected an ineffectiveness claim regarding counsel's failure to object to the trial court's utilizing an illustration to explain reasonable doubt, in which the court compared reasonable doubt to deciding whether to send a child to private school. *Fisher*, 813 A.2d at 769-770. The Court reasoned that, "[v]iewing the lengthy charge on reasonable doubt as a whole, it clearly and accurately stated the law, and there was no error." *Id.* at 770.

Here, *Jones* and *Fisher* are not precisely on point, as we are not determining whether the trial court's use of an illustration during jury instructions was a clear and accurate statement of the law regarding reasonable doubt. Instead, we are assessing whether the court abused its discretion in precluding defense counsel from using the proposed illustration in her closing argument. In explaining its decision, the trial court stated:

This [c]ourt precluded defense counsel from using this illustration as it is not that useful in understanding reasonable doubt, can tend to confuse the jury, involves an experience that many people cannot relate to as not everyone ice skates on open bodies of water, and involves a fearful concept. The thought of making a mistake in assessing the security of ice on which to skate, falling through the ice into the water, and the potential results of hypothermia, frost bite, and drowning are such unpleasant thoughts, this [c]ourt concluded that this particular illustration [was] not appropriate. *See* [] *Fisher*, … 813 A.2d

- 12 -

[at] 774 … [(]Justice Saylor concurring.[)]. Defense counsel was free to use another illustration or to describe the concept of reasonable doubt in another manner for the jury.

TCO at 5-6.

Appellant does not explain how the trial court's rationale for prohibiting defense counsel's proposed illustration constituted an abuse of discretion. Additionally, he offers no discussion of how the jury instructions examined in *Jones* and *Fisher* are comparable to defense counsel's illustration of reasonable doubt, or why those cases compel us to conclude that the trial court manifestly erred by limiting defense counsel's closing argument. Instead, he simply sets forth the instructions at issue in *Jones* and *Fisher*, states the holdings of those two decisions, and then abruptly concludes that, "For the foregoing reasons, a new [t]rial is respectfully requested." Appellant's Brief at 64. Appellant's argument is insufficient to convince us that the court abused its discretion in this regard. Consequently, his third issue does not warrant relief.

In Appellant's fourth and final issue, he challenges the legality of his sentence, arguing that the mandatory minimum terms of incarceration imposed pursuant to 42 Pa.C.S. § 9718 are illegal under *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013).[3] In *Alleyne*, the United States Supreme Court held

---

[3] Appellant is raising this claim for the first time on appeal. However, "a challenge to a sentence premised upon *Alleyne* … implicates the legality of the sentence and cannot be waived on appeal." *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*).

that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. *Id.* at 2163. Both this Court and our Supreme Court have applied *Alleyne* to strike down various mandatory minimum sentencing statutes in this Commonwealth, including the statute under which Appellant's mandatory sentences were imposed, section 9718. *See Commonwealth v. Wolfe*, 106 A.3d 800, 805 (Pa. Super. 2014).[4]

In light of *Wolfe*, we agree with Appellant that his mandatory minimum sentences are illegal and must be vacated. *See Commonwealth v. Fennell*, 105 A.3d 13, 15 (Pa. Super. 2014) ("It is … well-established that '[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.'") (quoting *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted)). Because our decision upsets the trial court's overall sentencing scheme, we vacate Appellant's judgment of sentence in its entirety, and remand for resentencing, without consideration of 42 Pa.C.S. § 9718. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006) ("If our

---

[4] We acknowledge that our Supreme Court granted the Commonwealth's petition for allowance of appeal in *Wolfe*. *See Commonwealth v. Wolfe*, 121 A.3d 433 (Pa. 2015). However, no opinion by our Supreme Court has been issued as of the date of this decision.

disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan.").

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/5/2016